**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL BRONSON,

    Plaintiff,

v.

SOUTHWEST OHIO REGIONAL
TRANSIT AUTHORITY,

    Defendant.

Case No. 1:23-cv-069

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On February 6, 2023, Plaintiff Daniel Bronson, proceeding pro se, filed an application seeking to proceed *in forma pauperis* together with a tendered complaint against a defendant identified as the Southwest Ohio Regional Transit Authority.[1] By separate order filed herewith, the undersigned has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.    Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

---

[1] As more fully discussed below, this is the eleventh lawsuit that Plaintiff has filed in this Court.

lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.     Background**

To date, Plaintiff has filed a total of eleven civil rights cases in the Southern District of Ohio, including the above-captioned case.[2] The first five of those cases were filed by Plaintiff while he was incarcerated, and therefore were screened under specific provisions that apply to prisoner civil rights cases under the Prison Litigation Reform Act ("PLRA"). *See*, *e.g.*, Case Nos. 1:16-cv-1111-MRB-SKB, 1:20-cv-223-SJD-SKB, 1:20-cv-334-SJD-

---

[2] Plaintiff identifies only three of those cases in response to a question on his complaint form that asks for a list of prior lawsuits. (Doc. 1-1 at PageID8).

3

SKB, 1:20-cv-367-MRB-KLL, 1-20-cv-461-MRB-KLL, and 1:21-cv-711-TSB-KLL. After three of Plaintiff's cases were dismissed on initial screening, Plaintiff became subject to the "three strikes" provision of 28 U.S.C. § 1915(g). When he failed to pay the full filing fee under that provision, his case was dismissed for lack of prosecution. *See* Case No. 1:21-cv-711-TSB-KLL. However, Plaintiff has been released form incarceration, and therefore is not presently subject to that provision.

The instant case represents Plaintiff's fifth case filed in this Court following his release from incarceration. The previous four cases that Plaintiff filed as a non-prisoner all were dismissed upon initial screening. *See* Case No. 1:22-cv-149-TSB-KLL, 1:22-cv-192-TSB-SKB, 1:22-cv-719-MRB-KLL, and 1:22-cv-525-DRC-SKB. The complaint in the above-captioned case suffers from similar defects. The entirety of the allegations are as follows:

> Southwest Ohio Regional Transit Authority failed to provide seat belts on their public transportation service. I was Riding Southwest Ohio Regional Transit Metro bus services on January 30, 2023, and there was no safety seat belts. This is a Direct violation of my 14th Amendment inside the United States Constitution.
>
> On January 30, 2023 Southwest Ohio Regional Transit Metro bus had Crashed into the sidewalk.

(Doc. 1-1 at PageID 7). As relief for the alleged constitutional violation, Plaintiff seeks only monetary compensation, totaling two million dollars. (*Id*. at PageID 8).

### III. Analysis

#### A. Plaintiff's Complaint is Legally Frivolous

Plaintiff's civil rights complaint is subject to summary dismissal because it is legally frivolous under the screening standards of 28 U.S.C. § 1915(e)(2)(B). The complaint is construed as seeking relief under 42 U.S.C. § 1983, insofar as Plaintiff plainly alleges that

4

Defendant, acting under color of State law, deprived him of a right secured by the Fourteenth Amendment. (Doc. 1-1 at 2, PageID 6). The sole named defendant, identified as the Southwest Ohio Transit Authority[3] is in fact "a political subdivision of the state," as such, its actions are taken under color of state law. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 349 (6th Cir. 1998) (internal citation omitted); *Roulhac v. Southwest Regional Transit Authority*, Case No. 1:07-cv-408, 2008 WL 920354, at *3 (S.D. Ohio Mar. 31, 2008).

Plaintiff's complaint fails to state a claim for relief for multiple reasons. He does not identify how the absence of seatbelts violates his Fourteenth Amendment due process rights, and no violation of that Amendment is readily apparent. "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); s*ee also Tubbs v. Washington*, Case No. 1:19-cv-322. 2019 WL 6271096, at *5-6 (W.D. Mich. Nov. 25, 2019) (dismissing prisoner's civil rights claim under both Eighth and Fourteenth Amendments, reasoning that a lack of seatbelts on buses is "common" and that under "normal circumstances… transporting a prisoner in a vehicle without seat belts does not subject the prisoner to a substantial risk of serious harm."). In addition, Plaintiff does not actually allege that he suffered any injury, even assuming that he was a passenger on a bus that was involved in some sort of accident.[4] *See Galloway*

---

[3] The undersigned takes judicial notice that the correct name of the Defendant is the Southwest Ohio Regional Transit Authority.

[4] While Plaintiff does allege that a SORTA bus crashed "into the sidewalk" on January 30, 2023, he does not allege that he was a passenger on that particular bus.

*v. Rosenfeld*, Case No. 17-cv-2637-SHM-cgc, 2018 WL 3458496, at *1 (W.D. Tenn. July 18, 2018) (dismissing similar pro se claim in part based upon failure to allege injury).

Even more importantly, the Defendant, as a subdivision of the State of Ohio, is immune to Plaintiff's claim for monetary damages. The Eleventh Amendment provides immunity that "bars all suits, whether for injunctive, declaratory, or monetary relief, against the state." *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). A federal court may have jurisdiction to hear suits by citizens against a state only if: (1) the state unequivocally consents to the suit, or (2) Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate state immunity. *Pennhurst*, 465 U.S. at 98; *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). The Sixth Circuit has held that the State of Ohio has not waived its Eleventh Amendment immunity in a § 1983 action. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992).

## B. Plaintiff Should be Formally Warned of Potential Prefiling Restrictions

When Plaintiff was still incarcerated, he became subject to the "three strike" provisions of 28 U.S.C. § 1915(g) after three of his lawsuits were dismissed as frivolous on initial screening. But when he was released from incarceration, he was no longer subject to § 1915(g). Plaintiff has continued to file frivolous cases since his release. Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits. Based upon the number of such cases Plaintiff has filed to date, the undersigned recommends the issuance of a clear warning to Plaintiff

6

that he may be subjected to future sanctions should he continue to file frivolous cases in this Court.

When non-prisoner pro se litigants repeatedly proceed *in forma pauperis* on frivolous claims, this Court has exercised its inherent powers to curb such abusive and vexatious practices. One type of sanction is the imposition of pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *See Feathers v. Chevron U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir. 1998). The Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir. August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir. 1998) ); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987). Including the instant case, five of Plaintiff's non-prisoner pro se civil rights cases now have been dismissed upon initial screening. Given this history alone - regardless of whether the Court also considers Plaintiff's prior litigation history as a prisoner subject to 28 U.S.C. § 1915(g) - Plaintiff should be forewarned of the high likelihood that prefiling restrictions will be imposed should he continue to file frivolous lawsuits in this Court.

## IV. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED**:

1. This case should be dismissed with prejudice because Plaintiff's sole claims against the only identified Defendant are legally frivolous and fail to state any claim;
2. Based upon the number of legally frivolous cases initiated by Plaintiff as a non-prisoner to date, he should be ordered to refrain from filing legally frivolous cases

7

in this Court in the future. Should Plaintiff persist in filing cases deemed to be legally frivolous under 28 U.S.C. §1915(e)(2)(B), he is forewarned that the Court is likely to impose non-monetary sanctions to deter future abusive or vexatious conduct;

3. This Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL BRONSON,

    Plaintiff,

v.

SOUTHWEST OHIO REGIONAL
TRANSIT AUTHORITY,

    Defendant.

Case No. 1:23-cv-069

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).